UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW SILVA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOSEPH WOODS,<br><br>　　　　Defendant. | Case No. C05-0471-RSM-JPD<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR ISSUANCE AND SERVICE OF SUBPOENAS; EXTENSION OF TIME TO CONDUCT DISCOVERY |

Plaintiff is proceeding pro se and in forma pauperis in this 42 U.S.C. § 1983 suit against Joseph Woods, an officer with the Everett Police Department. This matter comes before the Court upon plaintiff's request for the issuance and service of subpoenas and to extend the time period in which the parties can conduct discovery. Dkt. No. 39. Defendant has filed no opposition to the motion. Having reviewed plaintiff's motion, supporting documents, and the balance of the record, the Court ORDERS as follows:

(1) <u>Issuance and Service of Subpoenas</u>. Plaintiff's motion for the issuance and service of subpoenas and to extend the time period in which the parties can conduct discovery, Dkt. No. 39, is GRANTED. One of the issues in this case is whether defendant could have performed computer searches of plaintiff's Department of Licensing ("DOL") and criminal warrant records within the time period alleged. By requesting records from, among other entities, the DOL and the Snohomish County Police Dispatch, plaintiff's motion seeks

ORDER
PAGE -1

records directly relating to this issue.  The Court construes defendant's failure to submit any opposition to the request as an admission that the request has merit.  Local Rule 7(b)(2).

The Court, however, is unable to issue the subpoenas at the present time because, plaintiff's motion does not adequately describe the documents sought.  Plaintiff is directed to submit to the Court by February 2, 2006, (1) a precise description of the documents he wishes to subpoena from each individual or entity; and (2) the name and contact information for each individual or entity from whom he wishes to obtain said documents.  Failure to do so will prevent the Court from issuing one or more of the subpoenas.  Plaintiff is advised that a letter to his former attorney (and other subjects of the subpoenas) may provide a more expeditious method of obtaining the documents in question.  Plaintiff is further advised that it is possible that serving a subpoena for the files from his former attorney relating to the state criminal matter associated with this action could result in a waiver of his attorney-client privilege.

(2)     Revised Pretrial Schedule.  The pretrial schedule for this matter shall be revised.  All discovery shall be completed by May 1, 2006.  The parties' current motions for summary judgment, Dkt. Nos. 14, 18, are STRICKEN from the Court's calendar.  All dispositive motions shall be filed no later than May 31, 2006.

DATED this 13th day of January, 2006.

_____
JAMES P. DONOHUE
United States Magistrate Judge

ORDER

PAGE -2